**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| HOWARD HOLLAND, )<br>ID # 1914814, )<br>    Petitioner, )<br>vs. )<br> )<br>WILLIAM STEPHENS, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>    Respondent. ) | No. 3:15-CV-567-G (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Before the Court is the petitioner's *Motion to Hold 2254 Application in Abeyance and Allow Petitioner to Exhaust All Remedies in State Court*, received on February 18, 2015 (doc. 2.) Based on the relevant filings and applicable law, the motion to abate should be **DENIED**, and the case should be **DISMISSED** without prejudice for failure to exhaust state remedies.

**I. BACKGROUND**

Howard Holland (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 on February 18, 2015. He challenges a January 3, 2014 conviction for aggravated sexual assault in case No. 31610-422 in the 422nd Judicial District Court of Kaufman County, Texas. (doc. 1, at 2; *see also* http://12.14.175.53/CaseDetail.aspx?CaseID=386184 (Kaufman County criminal records.) Petitioner did not file a direct appeal, but he did file an application for writ of habeas corpus in the state trial court on July 29, 2014, and it was denied without written order by the Texas Court of Criminal Appeals on October 1, 2014. *See* http://12.14.175.53/CaseDetail.aspx?CaseID=3915002

(Kaufman County criminal records); *see also Ex parte Holland*, No. WR-82,129-01) (Tex. Crim. Oct. 1, 2014), *available at* http://www.search.txcourts.gov/Case.aspx?cn=WR-82,129-01. Petitioner reports that he has filed a second application for writ of habeas corpus that was still pending at the time he filed this suit. (doc. 1, at 4.)

Petitioner alleges he received ineffective assistance of counsel because counsel failed to appeal an adverse ruling on a motion to quash the indictment on grounds that the statute of limitations had expired. (doc. 1, at 6.)

## II. ANALYSIS/EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity

to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner acknowledges that he has not fairly presented all of the claims he raises in his federal petition to the Court of Criminal Appeals. He has filed a motion to hold the case in abeyance and an unsworn declaration of a fellow inmate that notes that Petitioner has "not exhausted his state remedies regarding ineffective assistance of counsel claims." (doc. 2, at 4.) A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. MOTION TO ABATE

Petitioner moves to hold the case in abeyance so that he may return to state court to exhaust his claims. The Fifth Circuit has held that, where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In *Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005), the Supreme Court suggested that a habeas petitioner could file a protective federal petition and move to stay and abate the proceedings pending exhaustion when it was uncertain whether his pending state petition would be considered

3

timely, thereby statutorily tolling the AEDPA one-year time limit. *Id*. It found that "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under *Rhines. Id.* [1]

Here, if Petitioner does pursue relief in state court, the pendency of his writ application will toll the applicable statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Moreover, his motion and supporting affidavit do not address why he failed to exhaust his claims, why he believes his unexhausted claims have merit, or why he could not have exhausted these claims earlier. He has therefore not demonstrated circumstances warranting a stay, and the motion should be denied.

## IV. RECOMMENDATION

The motion to Hold 2254 Application in Abeyance and Allow Petitioner to Exhaust All Remedies in State Court (doc. 2) should be **DENIED**, and this habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).

**SO ORDERED** this **17th day** of **March, 2015.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[1] Other circuits have held that a protective petition is an appropriate vehicle for staying the AEDPA one-year statutory time limit where the pending state action may be determined to be untimely. *See Harrison v. Campbell*, 254 F. App'x 644 (9th Cir. Nov. 16, 2007) (unpublished); *Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005). Texas does not have a statute of limitations for filing a state habeas application attacking a state court felony conviction. Petitioner's state applications will therefore not be considered untimely. *See* TEX. CODE CRIM PROC. ANN. § 11.07 (West 2007).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                    IRMA CARRILLO RAMIREZ
                                                    UNITED STATES MAGISTRATE JUDGE